Andrew W. Stavros (8915)
Adam G. Clark (13047)
STAVROS LAW P.C.
8915 South 700 East, Suite 202
Sandy, Utah 84070
Tel: (801) 758-7604
Fax: (801) 893-3573
andy@stavroslaw.com
adam@stavroslaw.com

*Attorneys for Plaintiff Melissa White*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MELISSA WHITE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CLEARCHOICE MANAGEMENT SERVICES, LLC, a Colorado limited liability company, dba CLEARCHOICE DENTAL IMPLANT CENTER,<br><br>Defendant. | **COMPLAINT**<br><br>Case No. 2:19-cv-00998<br><br>Judge: Cecilia M. Romero |

Plaintiff Melissa White, by and through her counsel, brings this complaint against Defendant ClearChoice Management Services, LLC, dba ClearChoice Dental Implant Center.

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Melissa White ("Plaintiff" or "White") is an individual who, at all times relevant to this complaint, resided in Salt Lake County, State of Utah.

1

2. ClearChoice Management Services, LLC, dba ClearChoice Dental Implant Center, is a Colorado limited liability company doing business in Salt Lake County, State of Utah ("Defendant" or "ClearChoice").

3. At all times relevant to this complaint ClearChoice was an employer within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(b).

4. At all times relevant to this complaint, White was an employee of ClearChoice within the meaning on Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(f).

5. This Court has jurisdiction pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f) ("Title VII"), from claims arising from the actions of ClearChoice in violation of Title VII.

6. The employment practices alleged to be unlawful were committed in Salt Lake County, Utah, which is within the jurisdiction of the U.S. District Court for the District of Utah, Central Division of Utah. Accordingly, venue is proper in this District pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1391.

7. White filed a timely charge of discrimination with the Utah Labor Commission, Antidiscrimination and Labor Division ("UALD") and the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on sex, pregnancy, and religion and related claims on January 14, 2019. Amended Charge of Discrimination attached hereto as Exhibit A.

8. White has requested and obtained a Notice Right to Sue from the EEOC on or about September 25, 2019. , dated September 23, 2019.

## FACTUAL BACKGROUND

9. White is female.

10. White was hired as an Operation Manager on or about May 14, 2015.

11. From 2015 to 2017, all of White's performance reviews were good. She regularly received pay increases and had no oral or written performance deficiencies. By all accounts, White was an exceptional employee who met or exceeded all ClearChoice's expectations.

12. On or about December 4, 2017, White took maternity leave.

13. White later returned from maternity leave on or about February 26, 2018.

14. Approximately two (2) weeks after returning from maternity leave, White was treated differently by Dr. Shad Mackert ("Mackert"), her supervisor.

15. Shortly after returning from maternity, White's hours were changed and her job responsibilities were reduced.

16. On or about March 26, 2018, White was informed that Mackert intended on hiring his then girlfriend, Kelsey Smith ("Smith") as the Patient Intake Coordinator. White expressed her concerns of Smith being a part of the team to Mackert. Mackert then became upset and began to give Smith preferential treatment.

17. On or about March 29, 2018, White requested to leave early in order to take her nanny to the airport. Mackert denied White's request. Prior to denying her request, Mackert allowed Smith to leave her shift early without prior permission.

18. Mackert continued to show Smith preferential treatment, including not allowing other employees to attend personal events.

19. Mackert also began to change White's job duties. Prior to her leave, White had the ability to approve employee's time-off requests. White received a request from a fellow colleague to leave approximately one (1) hour prior to the end of her shift in order to attend her child's school

activity. White approved her colleague's request. Mackert then stripped White of the ability to approve any employee's time-off requests.

20. Mackert continued to belittle, demean and otherwise subject White to negative treatment. This included speaking negatively about White to other employees within the office and preventing White from completing her job duties.

21. During her employment, White witnessed Mackert and other employees smoke marijuana and drink alcohol. At times, Mackert offered White a drink and/or marijuana, to which White denied because of her religious beliefs. After White denied partaking of the marijuana or alcohol, Mackert's treatment of White worsened. In fact, Mackert regularly made comments about having a male co-worker replace White.

22. In response to Mackert's continued treatment, on August 14, 2018, White sent a formal complaint to Lori Crane, the Director of Human Resources ("Crane").

23. On August 16, 2018, White sent a second email to Crane regarding Mackert's continued behaviors, wherein she stated, "I am so disappointed with the lack of professionalism that I have endured the last 48 hours." White continued stating, "…I am being punished for my desire to be a mother."

24. Shortly thereafter on or about August 29, 2018, Mackert placed White was placed on a Personal Improvement Plan ("PIP"), in response to her complaint.

25. The PIP falsely alleged that White was "negatively impacting center culture", was not showing "leadership regarding decision making and communication," and "fails to take initiative/follow through on tasks vital to the business."

26. In response, White sent an email to Crane on September 7, 2019, informing her of the PIP. Crane then scheduled a meeting to discuss the PIP and White's previous complaint.

27. On or about September 18, 2018, Crane contacted White to discuss her PIP and the accusations. Crane found that Amy Cerny ("Cerny"), White's supervisor and Mackert had not following procedure when giving White a PIP. Crane recognized that prior to receiving the PIP, White had not been informed of any performance issues. Crane then promised to follow up with Cerny regarding the PIP.

28. Cerny later agreed to review the status of White's PIP in November 2018.

29. On November 13, 2018, White followed up with Cerny regarding her PIP. Cerny informed White that she was no longer on a PIP. White then requested a pay increase. Cerny denied White's request and stated that "just because White had going back to school and got her Master's Degree doesn't mean she should get a raise." As such, White was denied a raise.

30. On or about January 14, 2019, White filed a Charge of Discrimination with the UALD.

31. On or about January 16, 2019, ClearChoice was notified that White had filed a Charge of Discrimination.

32. Prior to filing her Charge of Discrimination, White retained an attorney. On or about February 11, 2019, White's counsel sent a letter to ClearChoice that White wanted to take a leave of absence while ClearChoice addressed the hostile work environment.

33. On or about February 15, 2019, White received a letter from Crane. The letter confirmed ClearChoice's receipt of the letter from White's counsel and further stated, among other

things, that ClearChoice did not consider her employment terminated and wanted to "discuss options for continued employment with them."

34.     On or about February 19, 2019, White received a letter from Cerny notifying White that her employment with ClearChoice had ended. As such, White was terminated from her position on February 19, 2019.

35.     In or around the same period of time, White was informed by a previous colleague that Cerny had a conversation with an executive wherein she stated a plan to terminate White and other Mormon employees in Utah.

## FIRST CAUSE OF ACTION
**(Gender and Pregnancy Discrimination in Violation of Title VII of the Civil Rights Act)**

36.     Plaintiff incorporates the preceding paragraphs by reference.

37.     Title VII makes it unlawful for an employer to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment, because of sex.

38.     The Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("PDA"), prohibits employers from discriminating against employees on the basis of pregnancy, childbirth, or related medical conditions.

39.     Plaintiff is a female that was pregnant and was subjected to unlawful discrimination by the Defendant.

40.     Plaintiff was subjected to adverse actions when her job responsibilities were altered, she was denied a raise, given an unwarranted PIP and ultimately terminated from her position by the Defendant.

41.     Plaintiff's gender was a motivating factor for the Defendants' adverse actions.

42. Defendant's proffered reasons for terminating Plaintiff are false and instead Defendant intended on terminated Plaintiff from her employment because of her gender.

43. Defendant's actions have directly and proximately cause Plaintiff substantial past and future economic loss, including lost wages, damage to her career and professional reputation, humiliation and pain and suffering, severe emotional distress and other compensatory damages in an amount to be determined at trial.

44. Defendant's unlawful conduct toward Plaintiff in violation of Title VII was done with reckless disregard in discriminating against Plaintiff based upon her gender, such that is should be subject to an award of punitive damages.

45. Plaintiff is also entitled to recover attorneys' fees and costs incurred in bringing this action, and such other relief as is available under law.

## SECOND CAUSE OF ACTION
**(Religious Discrimination in Violation of Title VII of the Civil Rights Act)**

46. Plaintiff incorporates the preceding paragraphs by reference.

47. Defendant's subjected Plaintiff to adverse action by terminating her from her employment because of her religion.

48. Plaintiff's religion was a motivating factor for the Defendant's adverse actions.

49. Defendant's discriminatory acts and omissions have directly and proximately caused Plaintiff to incur past and future economic loss, including lost wages, harm to Plaintiff's career, reputation, and earning potential, and severe emotional distress. Plaintiff seeks recovery of these damages in an amount to be proven at trial.

50.     Defendant's unlawful acts were taken with malice and/or in reckless disregard of Plaintiff's federally-protected rights. Accordingly, Defendant is also liable for punitive damages in an amount to be determined at trial.

51.     Plaintiff also seeks recovery of her reasonable attorney's fees and court costs.

## THIRD CAUSE OF ACTION
### (Retaliation in Violation of Title VII of the Civil Rights Act)

52.     Plaintiff incorporates the preceding paragraphs by reference.

53.     Title VII prohibits retaliation against an employee for engaging in protected opposition to workplace discrimination.

54.     White engaged in protected activity by opposing the treatment she received from Mackert, Cerny and other employees—which she reasonably believed constituted unlawful discrimination and harassment—including by complaining to HR about the harassment, among other things, as alleged above.

55.     In addition, Plaintiff's complaints and filing a Charge of Discrimination regarding Mackert's conduct constitute as protected activity under Title VII. In making her complaints, Plaintiff reasonably believed she was being subjected to unlawful discrimination on the basis of gender and/or religion.

56.     Defendant ultimately terminated Plaintiff from her employment because she engaged in protected activity, as detailed herein.

57.     Defendants' retaliation has directly and proximately caused Plaintiff to incur past and future economic loss, including lost wages, harm to Plaintiff's career, reputation, and earning potential, and severe emotional distress. Plaintiff seeks recovery of these damages in an amount to be proven at trial.

58. Defendants' unlawful acts were taken with malice and/or in reckless disregard of Plaintiff's federally-protected rights. Accordingly, Defendant is also liable for punitive damages in an amount to be determined at trial.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests for judgement and relief against Defendants as follows:

1. A judgement in Plaintiff's favor against Defendants for violations of Title VII;

2. A judgment awarding Plaintiff all lost wages (back and future wages), employment compensation, and other economic benefits lost as a result of Defendants' unlawful acts and omissions;

3. A judgment awarding Plaintiff compensatory damages in amount to be determined at trial, including damages for emotional distress, loss of enjoyment of life, and other non-pecuniary losses;

4. A judgment awarding Plaintiff punitive damages in an amount to be determined at trial;

5. A judgment awarding Plaintiff prejudgment and post-judgment interest, as applicable;

6. A judgment awarding Plaintiff her attorney's fees and courts costs, including expert witness fees; and

7. A judgment awarding Plaintiff such further and additional legal or equitable relief as the Court deems appropriate.

DATED this 23rd day of December, 2019.

                                              **/s/  Adam G. Clark**
                                              Adam G. Clark
                                              STAVROS LAW P.C.
                                              *Attorneys for Plaintiff*

# EXHIBIT A

# AMENDED CHARGE OF DISCRIMINATION

| Labor Commission of Utah Anti-Discrimination Division and EEOC | UALD No: B9-0121 |
|---|---|
| | EEOC No: 35C-2019-00121 |

**NAME** (Indicate Mr., Ms., Mrs.)
Melissa White

**HOME TELEPHONE** (Include Area Code)

**STREET ADDRESS  CITY, STATE AND ZIP CODE**

**DATE OF BIRTH**

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

**NAME**
Clear Choice Dental Implant Center

**TELEPHONE** (Include Area Code)
(801) 253-4776

**STREET ADDRESS**
10706 S River Front Pkwy, South Jordan UT 84095

**COUNTY**
Salt Lake

**CAUSE OF DISCRIMINATION BASED ON**
☐ RACE  ☐ COLOR  ☒ SEX  ☒ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY
☐ GENDER IDENTITY  ☐ SEXUAL ORIENTATION  ☐ RELIGIOUS LIBERTY PROTECTION

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST                LATEST
                        02/21/2019
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional space is needed, attach extra sheets(s)).

I was hired by my employer on or about May 14, 2015 to work as the Operations Manager. I am a female who recently had a baby and I am of the Utah prominent religion. I believe that because of my gender, pregnancy, and religion, my employer subjected me to harassment and discrimination and retaliated against me.

I took maternity leave from December 4, 2017 through February 26, 2018. Upon my return, my employer began to treat me differently, including, changing my hours, significantly reducing my job responsibilities, and that morale was low due to me taking maternity leave. Further, my employer showed favoritism towards other coworkers who were not new mothers.

I filed several complaints with HR regarding the disparate treatment. In response, my employer retaliated against me and placed me on a performance improvement plan ("PIP"). As a result, I filed a Charge of Discrimination with the Utah Labor Commission on January 14, 2019. Shortly after, my employer was informed I was going on a leave of absence until they addressed the hostile work environment. My employer subsequently terminated me and falsely claimed I had resigned on February 19, 2019.

Shortly thereafter, I was informed February 21, 2019, my employer intended on terminating all of the predominate religion employees and would not be hiring any future employees who were of the predominate religion.

Based on the above facts, I believe that I have been subjected to harassment and discriminated against based on my pregnancy and religion. Further, I engaged in a protected activity which resulted in my employer retaliating against me. As such, I believe my employer is in violation of Title VII of the Civil Rights Act of 1964, the Utah Antidiscrimination Act of 1965, and the Pregnancy Act of 1978, all as amended.

I understand this charge will be filed with both the EEOC and the State or local Agency, if any, unless jurisdictional issues dictate otherwise. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY
State of Utah         )
County of Davis      ) ss.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF CHARGING PARTY
X [signature]

SUBSCRIBED AND SWORN/AFFIRMED TO ME ON THIS 10th DAY OF April, 2019, by Melissa White (Charging Party)

Notary Public [signature]

My Commission Expires 11/09/2019

MIKA ANN CRANER
Notary Public
State of Utah
Comm. No. 686256
My Comm. Expires Nov 9, 2019